(Not for Publication)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| EAST WEST TRADE PARTNERS, INC., | : | |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| ——————————————— | : | |
| | : | |
| EAST WEST TRADE PARTNERS, INC., | : | |
| | : | |
| Plaintiff, | : | Civil No. 1:06-cv-01812 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SOBEL WP, LLC and JEFFREY E. SOBEL, | : | |
| | : | |
| Defendants. | : | |
| ——————————————— | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Defendant Sobel WP, LLC and Jeffrey E. Sobel for withdrawal of reference to the United States Bankruptcy Court, pursuant to 28 U.S.C. §157(d), of the Adversary Proceeding captioned East West Trade Partners, Inc. v. Sobel WP, LLC and Jeffrey Sobel. For the reasons set forth below, Defendant's motion is denied.

**I.  BACKGROUND**

In December 2000, Defendant Sobel WP, LLC, ("Sobel") and East West Trade Partners, Inc., ("East-West") negotiated an Agreement of Sale ("the Agreement") providing for

Sobel to purchase a tract of undeveloped property in Philadelphia, Pennsylvania from East-West

for $3,800,000.00. Prior to the Agreement at issue, East-West and entities associated with Sobel

had twice entered into agreements of sale, the first in October 1996 and the second in October

1997. In both instances, the deal was never completed because the buyer was unable to find a

tenant.

In January 2001, East-West and Sobel signed the Agreement presently before the

Court; East-West signed the Agreement on January 5, 2001 and Sobel signed on January 23,

2001, making January 23 the Agreement's effective date. The Agreement provided for a due

diligence period, which was to expire thirty days after the later of the Effective Date or the date

East-West delivered copies of required due diligence documents. The closing date was set for

180 days after the expiration of the due diligence period. Under this calculation, the earliest

possible closing date fell on August 21, 2001.[1] The Agreement also granted Sobel the right to

extend the closing date for three additional successive periods of 180 days, provided that Sobel

paid a deposit for the second and third extension.

Per the Agreement, Sobel tendered a $50,000.00 deposit to be put in escrow. In

the event of a breach by either party, the escrow company was to convey the deposit to the

nonbreaching party.  The Agreement also required East-West to provide copies of due diligence

documents within ten business days following the Effective Date. It is uncontested that East-

West provided no such documents after the Effective Date. However, East-West sent Sobel a

letter on February 16, 2001 notifying Sobel that all relevant documents had been provided prior

to the Effective Date and that no new documents existed. Whether Sobel actually received this

---

[1]       This assumes the due diligence period ended February 24, 2001, thirty days after
the Effective Date of January 23. The 180 day period then expired on August 21.

notification is in dispute. However, it is clear that Sobel did not contact East-West about documents until a letter written by Sobel's counsel to East-West on August 10, 2001, notifying East-West that no title documents had yet been received and requesting copies.

On August 16, 2001, East-West's counsel wrote to the escrow company, claiming that the buyer had not performed and requesting the $50,000.00 deposit. Although the Agreement required East-West to provide notice and a five-day cure period to Sobel in the event of a default, East-West contacted the escrow company directly and did not adhere to the Agreement's notice requirement.

Sobel's counsel responded by letter on August 21, 2001, informing East-West that Sobel did not believe it was in default and that it considered the agreement in full force and effect. On October 17, 2001, Sobel filed suit against East-West in the United States District Court for the Eastern District of Pennsylvania, seeking specific performance of the Agreement. Further, Sobel filed a notice of *lis pendens* that precluded East-West from consummating a sale of the Property with another buyer.  Consequently, the project was rezoned from commercial to a less profitable resisdential use.  East-West alleges that it expended considerable sums on property development and was ultimately unable to sell the property.

On June 27, 2003, East-West filed a Chapter 11 petition in the United States Bankruptcy Court, District of New Jersey, staying the case then pending in the Eastern District. Sobel filed an initial motion for return of its deposit in Bankruptcy Court on August 6, 2004. The Honorable Gloria M. Burns ruled that the deposit should be paid to East-West because Sobel's failure to consummate settlement prior to the closing date constituted a default of the Agreement. On December 10, 2004, Judge Burns denied Sobel's motion for reconsideration of this order, holding that the motion for reconsideration presented no new facts or law that the Court did not

have before it or which could have been brought before it in the original motion.  On September

12, 2005, this Court denied Sobel's appeal of the Bankruptcy Court's Order and found that East-

West did not repudiate the Agreement and that East-West's failure to provide notice of default or

the requisite five-day opportunity to cure was immaterial.

On February 10, 2006, East-West filed a Complaint in the Bankruptcy Court

against Sobel and asserted five state law tort claims that each related to the 2001 civil action

commenced by Sobel against East-West in the United States District Court for the Eastern

District of Pennsylvania.[2]  Subsequently, Sobel filed a motion to dismiss the Complaint in the

Bankruptcy Court pursuant to Fed. R. Civ. P. 12(b) on grounds that there was no subject matter

jurisdiction and that the Complaint failed to state a claim upon which relief could be granted.

Further, Sobel filed the motion currently before this Court for a withdrawal of reference pursuant

to 28 U.S.C. §157(d).

Sobel alleges that the state law tort claims filed in the Bankruptcy Court are non-

core claims for which it is entitled to a trial by jury.  Further, Sobel notes that, pursuant to 28

U.S.C. § 157(e), the Bankruptcy Court cannot conduct a jury trial in a non-core proceeding

unless specially designated by the District Court and with the consent of the parties.  Sobel

withholds consent.  Sobel further argues that judicial economy will be served if this Court hears

the dispute in the first instance because the proceeding in the Bankruptcy Court is a non-core

proceeding and such proceedings require that proposed findings of fact and conclusions of law be

submitted to the District Court to be reviewed *de novo*.

In contrast, East-West argues that the Bankruptcy Court should determine whether

---

[2]  The five causes of action included: Slander of Title; Wrongful and Malicious Use
of Civil Proceedings; Abuse of Process; Violation of Pa. C.S. §8351-8355; and Intentional
Interference with Contractual Relations.

the adversary proceeding constitutes a core or non-core proceeding and that this motion is

therefore premature.  East-West further claims that Sobel waived its right to a jury trial by

presenting a proof of claim in the Bankruptcy Court.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in

part, any case or proceeding referred under this section, on its own motion or on timely motion of

any party, for cause shown."  Although the statute does not define what constitutes the requisite

cause, the Third Circuit held that district courts should consider judicial uniformity and economy.

In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).  Whether the proceeding is "core" or "non-core"

to the pending bankruptcy case is a threshold factor in determining permissive withdrawal.  In re

Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993); see also In re Ramex Int'l, Inc., 91 B.R.

313, 315 (E.D. Pa. 1998) (explaining that the first step in the analysis is to classify the adversary

proceeding as either core or non-core).

Under 28 U.S.C. § 157(b)(1), "[b]ankruptcy judges may hear and determine all

cases under Title 11 and all core proceedings arising under Title 11, or arising in cases under

Title 11." A proceeding is core under § 157 if it "invokes a substantive right provided by Title 11

or it if is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

Beard v. Braunstein, 914 F.2d 434, 444 (3d Cir. 1990) (quoting Matter of Wood, 825 F.2d 90

(5th Cir. 1987)). Alternatively, under 28 U.S.C. § 157(c)(1), "a bankruptcy judge may hear a

proceeding that is not a core proceeding but that is otherwise related to the case under Title 11."

In such proceedings, the bankruptcy judge must submit proposed findings of fact and conclusions

of law to the district court for *de novo* review and the entry of final judgment.  Id.

Although there is some dispute[3] as to whether the bankruptcy court or the district court makes the initial determination of whether a proceeding is core or non-core, 28 U.S.C. § 157(b)(3) provides:

> *The bankruptcy judge* shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under Title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law.

This court finds that 28 U.S.C. § 157(b)(3) requires the bankruptcy judge to determine whether a proceeding is core or non-core.  Matter of Del. & Hudson Ry., Co., 122 B.R. 887, 892 (D.Del. 1991) (holding that withdrawal of the reference involves a two step process and that before a withdrawal of the reference motion is presented to the district court, the bankruptcy judge must make a determination of whether the matter is core or non-core); see also In re Montgomery Ward & Co., 428 F.3d 154, 160 (3d Cir. 2005) (referencing with approval the district court's decision to remand an adversary proceeding to the bankruptcy court for the initial determination of whether it was a core or non-core proceeding).[4]

Sobel's motion is predicated on its conclusion that the present adversary proceeding constitutes a non-core proceeding.  Accordingly, Sobel argues that judicial economy would be served if this Court were to withdraw the reference of this matter from the Bankruptcy

---

[3]     The Court recognizes that some courts have held that although the statute provides that the bankruptcy judge must determine whether a proceeding is core or is otherwise related to a case under Title 11, this may not require that the initial determination be made by the bankruptcy judge. See Harley Hotels, Inc. v. Rain's Intern., Ltd., 57 B.R. 773 (M.D. Pa. 1985).

[4]     Well established principles of statutory construction require that an unambiguous statute be read according to its plain and unambiguous language, which in the present matter requires the conclusion that the bankruptcy judge determine whether this adversary proceeding is core or non-core.  See Adams Fruit Co. v. Barrett, 494 U.S. 638 (1990) ("As a general rule of statutory construction, where the terms of a statute are unambiguous, judicial inquiry is complete.").

Court, since this Court will ultimately review the Bankruptcy Court's proposed findings of fact

and conclusions of law.  Despite these assertions, this Court concludes that based on the statutory

framework set forth above and the supporting case law, the bankruptcy judge must make the

initial determination of whether this case presents a core or non-core proceeding.  Therefore,

Sobel's motion is not ripe for consideration by this court.[5]

## III. CONCLUSION

       For the foregoing reasons, the Court denies Sobel's motion for withdrawal of

reference.

Dated:      4/23/2007                                   s/Robert B. Kugler
                                                       Robert B. Kugler
                                                       United States District Judge

---

[5]       Because this Court will remand this case to the Bankruptcy Court to determine if it constitutes a core or non-core proceeding, Sobel's argument that it is entitled to a jury trial, which generally is not available in the Bankruptcy Court in non-core proceedings, is also not ripe for adjudication by this Court.  See 28 U.S.C. § 157(e) (providing that the bankruptcy judge may conduct a jury trial with permission from the district court and the consent of the parties).